IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RACQUEL LEWIS-DAVIS,
   *Plaintiff*,

v.

BALTIMORE COUNTY PUBLIC
SCHOOLS INFANTS & TODDLERS
PROGRAM, *et al.*,
   *Defendants*.

Civil Action No. ELH-20-0423

**MEMORANDUM**

On February 7, 2020, Raquel Lewis-Davis, the self-represented plaintiff, filed suit in the United States District Court for the Eastern District of Pennsylvania against defendants Baltimore County Public Schools Infants & Toddlers Program, Paula Boykin, and Sally Chapman. ECF 2 (the "Complaint"). Lewis-Davis alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and the Americans with Disability Act of 1990, 42 U.S.C. §§ 12112 et seq. *Id.* Thereafter, on February 13, 2020, the Eastern District of Pennsylvania transferred the case to this Court, stating that there was no apparent basis for venue in that district. ECF 6.

Along with the filing of the Complaint, plaintiff moved for the appointment of counsel. ECF 3. And, on February 28, 2020, plaintiff filed a letter opposing the transfer of the case from the Eastern District of Pennsylvania. ECF 9. By Order of May 19, 2020, I denied plaintiff's request for appointment of attorney, without prejudice. ECF 10. I also found that venue in this Court is appropriate and that the transfer was proper. *Id.*

By letter of June 2, 2020, plaintiff renewed her request for appointment of counsel and asked the Court to return the case to the Eastern District of Pennsylvania. ECF 15. By letter of July

14, 2020, plaintiff again requested court-appointed counsel as well as certified copies of orders issued by this Court. ECF 21.

Then, on July 24, 2020, plaintiff filed a "Motion to Amend Complaint." ECF 22 (the "Motion"). She also submitted numerous exhibits, totaling 172 pages. However, she did not include a proposed amended complaint. In the Motion, plaintiff seeks to add four defendants.

Defendants have not responded to the Motion and the time to do so has expired. *See* Local Rule 105.2(a); *see also* Docket.

I shall grant the Motion (ECF 22), which is unopposed. Therefore, plaintiff shall have until September 7, 2020, to file an amended complaint.

Plaintiff is responsible for serving the new defendants, and must do so "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). In light of plaintiff's indigency status, the United States Marshal shall effect service of process on defendants. *See* Fed. R. Civ. P 4(c)(3). The Clerk shall be directed to mail a copy of the Marshal form for each defendant to plaintiff. Plaintiff must submit the forms by September 21, 2020. In addition, plaintiff must provide one copy of the Amended Complaint for each defendant added to the suit. Failure to comply with this directive may result in dismissal of the suit as to the new defendants, without prejudice.

Once the forms and the service copies of the suit are received, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process.

As to plaintiff's request to transfer the case to federal court in Pennsylvania, I shall deny the request. *See* ECF 15. Under 28 U.S.C. § 1391(b), "a civil action may be brought in 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…; or 3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *See also* 42 U.S.C. § 2000e-5(f)(3). The named defendants are all located in the State of Maryland and all events described in the Complaint occurred in Maryland. Therefore, venue is appropriate in this Court.

In support of plaintiff's renewed requests for appointment of counsel (ECF 15; ECF 21), plaintiff asserts that she has no income and does not have a secure means of communication on which she can rely. As noted in my previous Order, a federal district judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

At this juncture, I see no basis to appoint counsel for plaintiff. At this early stage of the case, it still cannot be determined if a hearing or discovery will be necessary to the disposition of this case. Further, the issues pending before the Court are not unduly complicated. Thus, there are no exceptional circumstances warranting appointment of counsel at this time and the request shall be denied, without prejudice.

Plaintiff requests certified copies of this Court's orders. ECF 21. The Clerk provides self-represented litigants with copies of all orders, when issued. Therefore, there is no basis for this request.

A separate Order follows, consistent with this Memorandum.

Date: August 17, 2020

                                                 /s/
                                        Ellen L. Hollander
                                        United States District Judge