IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RACQUEL LEWIS-DAVIS,

    *Plaintiff*,

    v.

BALTIMORE COUNTY PUBLIC
SCHOOLS INFANTS & TODDLERS
PROGRAM, *et al.*,

    *Defendants*.

Civil Action No. ELH-20-0423

## MEMORANDUM OPINION

Raquel Lewis-Davis, the self-represented plaintiff, has sued multiple defendants, alleging a vast conspiracy to discriminate against her, harass her, violate her privacy, and generally inflict harm on her. In a rambling, 61-page "Amended Complaint of Harassment" (ECF 40), plaintiff has lodged claims based on her prior employment at the Baltimore County Public Schools Infants & Toddlers Program ("BCPS") and at the Community College of Baltimore County ("CCBC"). She has sued individuals associated with BCPS and CCBS, as well as her former husband, her own divorce attorney, and others.

In particular, she has sued her former employer, BCPS, as well as Paula Boykin, a supervisor at BCPS, and Sally Chapman, a "Program Specialist" at BCPS (collectively, the "BCPS Defendants"). In addition, she has sued Mildred C. Singleton, the Human Resources Director of CCBC, another former employer. And, she has sued Alexis Coates, who is identified as a private contractor; Reginald Giles, who may be a former boyfriend; Emmitt K. Davis, Jr., plaintiff's ex-

husband, with whom she has a child; and Jeffrey Kreshtool, Esquire, plaintiff's former lawyer in divorce proceedings. ECF 40 at 1.[1]

The suit is titled "Amended Complaint of Harassment." ECF 40. It does not contain discrete counts. But, plaintiff appears to assert different claims against each of the defendants.[2]

As to the BCPS Defendants, plaintiff lists the following claims, *id.* at 1: "Hostile Work Environment, Intentional Infliction of Emotional Distress, Defamation, Conspiracy against Rights, Retaliation, Violation of Privacy, Wrongful Termination, and Perceived Disability." The tort claims include "sexual harassment" and a hodge-podge of claims based on federal criminal statutes as well as the Fourth Amendment and the Fifth Amendment to the Constitution. *Id.* at 13-14. In addition, plaintiff alleges "Conspiracy of Rights and Obstruction of Justice." *Id.* at 15. Plaintiff asserts that the "Harassment Claims" are based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 *et seq*. ECF 40 at 2. The Hostile Work Environment claim is lodged pursuant to Title VII, the ADA, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as

---

[1] Plaintiff originally filed suit in the United States District Court for the Eastern District of Pennsylvania. *See* ECF 2. That court transferred the case to the District of Maryland, stating that there was no apparent basis for venue in Pennsylvania. ECF 6.

Plaintiff does not specify the basis for jurisdiction in federal court. But, under 28 U.S.C. § 1331, the Court would have federal question jurisdiction over the claims that arise under federal law. And, the Court could exercise supplemental jurisdiction over State law claims. *See* 28 U.S.C. § 1367. Jurisdiction may also be based on diversity, pursuant to 28 U.S.C. § 1332. In this regard, plaintiff states that she currently resides in Pennsylvania (ECF 9), and the defendants appear to be citizens of Maryland or New York.

[2] Under the guise of one big tent, *i.e.*, a tenuous conspiracy claim, plaintiff seems to have filed suit involving unrelated claims against unrelated parties. Even assuming a basis to sue each former employer, it is not clear that the claims against the employers are properly joined in one lawsuit. Nor is it clear how plaintiff has a basis to sue her former lawyer or her former husband in the same suit in which she has sued her former employers.

amended, 29 U.S.C. §§ 621 *et seq.* ECF 40 at 5. The Retaliation claim is predicated on Title VII, the ADA, and the Rehabilitation Act of 1973, 29 U.S.C. § 794. ECF 40 at 7. And, the "Wrongful Termination" is brought "under VII." *Id.* at 16.

As to Coates, plaintiff alleges "Intentional Infliction of Emotional Distress, Cyberbullying, Violation of Privacy, CFAA – Computer Fraud Abuse Act – Tort (Includes Federal Computer Fraud Law for hacking); EPCA – Electronic Communication Privacy Act, Abuse of Process and Fraud, Interstate Communication." *Id.* at 34.

With respect to Singleton, plaintiff lists the following claims: "Conspiracy Against Rights, Religious Discrimination, Sexual Harassment, Harassment, Constructive Discharge (Retaliation), Defamation, Intentional Infliction of Emotional Distress, Cyberbullying, Violation of Privacy, CFAA – Computer Fraud Abuse Act – Tort (Includes Federal Computer Fraud Law for hacking); EPCA – Electronic Communication Privacy Act, Interstate Harassment, and Abuse of Process and Fraud." *Id.* at 39. Further, she contends that her claims are lodged pursuant to Title VII; the ADA; and the ADEA. *Id.* at 44.

As to Davis, plaintiff asserts "Violation of Title 18, U.S.C., Section 241 – Civil Rights Conspiracy Statute – Federal Offense; Abuse of Process[;] Intentional Infliction of Emotional Distress Tort[;] Invasion of Privacy Tort; Defamation of Character; Computer Fraud; Spoliation of Evidence; Deliberate Spread of Virus[;] Identity Theft." *Id.* at 46.

Concerning Giles, plaintiff alleges "Violation of Title 18, U.S.C., Section 241 – Civil Rights Conspiracy Statute – Federal Offense; Intentional Infliction of Emotional Distress, Obstruction of Justice." *Id.* at 52.

As discussed, *infra*, plaintiff does not appear to include any specific claims as to Kreshtool.

Some of the defendants have moved to dismiss. In particular, Kreshtool has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF 45. The motion is supported by a memorandum (ECF 45-1) (collectively, the "Kreshtool Motion") and several exhibits. Plaintiff opposes the Kreshtool Motion (ECF 51) and has submitted several exhibits. Kreshtool has replied. ECF 57. In addition, plaintiff filed a "Motion to Dismiss Defendant Jeffrey Kreshtool's Reply to Plaintiff's Response In Opposition to his Motion to Dismiss." ECF 66 ("Motion to Dismiss Kreshtool's Reply"). And, Kreshtool filed a response in opposition to plaintiff's "Motion to Dismiss Kreshtool's Reply." ECF 71.

Singleton has filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 46. The motion is supported by a memorandum. ECF 46-1 (collectively, the "Singleton Motion"). Plaintiff has not responded in opposition to the Singleton Motion and the time to do so has expired.

The BCPS Defendants have also moved to dismiss the Amended Complaint, claiming failure to effect service or name the proper party, pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5). ECF 55. The motion is supported by a memorandum. ECF 55-1 (collectively, the "BCPS Motion"). Plaintiff has replied to the BCPS Motion with a "Motion to Resubmit Service" (ECF 67) along with proposed summons forms as to three defendants. ECF 67-1.

Davis has moved to dismiss (ECF 64), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), supported by a memorandum. ECF 64-1 (collectively, the "Davis Motion"). Plaintiff opposes the Davis Motion. ECF 75. And, she filed a "Motion to Supplement the Amended Complaint for Defendant Emmitt K. Davis Jr." ECF 78 ("Motion to Supplement"). Davis has not responded to the Motion to Supplement and the time to do so has expired.

Plaintiff has also filed the following motions: "Motion for Open Status" (ECF 32); "Motion of Leave to Extend Time or to Amend Complaint" (ECF 53, "Motion to Amend"), along with a proposed Second Amended Complaint that totals 196 pages in length (ECF 70); "Motion to Request a Jury Trial" (ECF 54); "Motion for Default Judgment as to Reginald Giles" (ECF 60); "Motion to Reissue Summons on Alexis Coates" (ECF 61); and "Motion for Joinder" of Gloria's Place, the homeless shelter in Philadelphia where plaintiff previously resided (ECF 74).

Kreshtool and Singleton have moved to strike plaintiff's proposed Second Amended Complaint. ECF 72 ("Kreshtool Motion to Strike"); ECF 73 ("Singleton Motion to Strike"). Plaintiff has not responded to either motion. *See* Docket. And, the time to do so has expired.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I shall grant the motions to dismiss brought by Kreshtool, Singleton, and Davis (ECF 45; ECF 46; ECF 64). I shall also grant the motion to resubmit service as to the BCPS Defendants (ECF 67); the Motion to Amend (ECF 53; ECF 70) as to some of the defendants; and the Motion for a Jury Trial (ECF 54). I shall deny the remaining motions.

## I.  Factual Background[3]

As noted, plaintiff alleges that there is a vast conspiracy and "harassment campaign" against her. ECF 40 at 1. The institutions and individuals involved in this conspiracy include two of plaintiff's former employers, CCBC and BCPS, and some of their employees, including Singleton from CCBC and Chapman and Boykin from BCPS; her ex-husband, Davis; her former lawyer, Kreshtool; a Philadelphia homeless shelter, Gloria's Place; a former boyfriend, Giles; and

---

[3] In recounting the factual background, I rely on plaintiff's allegations in ECF 40, to the extent I can decipher them.  At this juncture, I must assume the truth of the facts alleged in the suit.  *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

a computer engineer, Coates. *Id.* Plaintiff claims that the purpose of this alleged conspiracy is to discredit her by making her appear mentally ill so that her ex-husband will ultimately be awarded custody of their minor child. *Id.* And, she alleges that the harassment campaign "has been organized…to intimidate and dissuade" her "from bringing forth this claim which can prove that she was in fact discriminated against due to an alleged, perceived disability, that CCBC in fact made up[.]" *Id.* at 1-2.

According to plaintiff, the conspiracy against her began during her employment with CCBC. Plaintiff alleges that she was employed by CCBC from March 2014 until March 2016. ECF 40 at 1. During that time, Singleton was employed as CCBC's Human Resources Director.

Plaintiff contends that the harassment began at CCBC because plaintiff was "the wrong person hired." *Id.* at 39. Thereafter, she alleges that the staff at CCBC "hacked" her social media, "falsified emails," and "stalked" her by way of "espionage software." *Id.* at 2, 40, 43. Plaintiff allegedly filed an informal complaint with Singleton and subsequently experienced more harassment from her coworkers. *Id.* at 39. According to plaintiff, she was "constructively discharged" from her job at CCBC in March 2016. *Id.* at 40. Thereafter, Singleton allegedly "defam[ed]" and "blacklisted" plaintiff from obtaining other employment. *Id.* at 41.

After leaving CCBC, plaintiff worked for "Job Corps" from May 2016 to August 2016; "Antwerpen Hyundai of Clarksville" from September 2016 to February 2017; "Antwerpen Nissan of Owings Mills" from February 2017 to September 2017; and Victory Health Care Systems from September 2017 to October 2017. *Id.* at 18.

Plaintiff began working for BCPS in October 2017. *Id.* at 2. She alleges that the "harassment campaign" continued against her as soon as she began working for BCPS. *Id.* In sum, plaintiff claims that her supervisor, Boykin, "tried to force" her to see an appointed therapist; BCPS

did not issue plaintiff "all [the] tools needed to do the job," including a laptop; plaintiff was "defamed" by her colleagues "by calling her names"; plaintiff's privacy was violated through "wiretapping" technology; and "she was threatened." *Id.* at 18. Moreover, plaintiff claims that she asked her colleagues to "cease the harassment," but all her colleagues "except one" ignored her. *Id.* at 19.  Plaintiff alleges that she was "abusively discharged" from BCPS on January 11, 2019, for "[m]isconduct." *Id.* at 18.

The other defendants also allegedly engaged in tactics to inflict harm on plaintiff. For instance, plaintiff alleges that Davis placed "watchdog spyware" on their son's phone so he could "control" plaintiff and sent plaintiff a "phishing email" that affected her ability to send and receive emails. *Id.* at 44, 49-50. She also claims that Giles "intentionally conspired to convince plaintiff that she was mentally ill" to support the allegations of the other defendants. *Id.* at 54. And, Coates allegedly installed applications on her phone and computer to "monitor[]" her conversations and "stalk[]" her. *Id.* at 36-37.

Plaintiff claims that she has earned a "Master Degree" and expects to earn "no less than $60,000 annually." *Id.* at 22. Therefore, she seeks $875,000 in damages from Davis; $875,000 from Giles; $2 million from Gloria's Place; $2 million from Coates; and $1 million from Kreshtool, as well as various other sums of money, for a total of $33,150,000 in damages. *Id.* at 22-23.

Additional facts are included, *infra*.

## II.      Legal Standards

### A.  Section 1915 of 28 U.S.C.

Plaintiff is proceeding in forma pauperis ("IFP"). ECF 1; ECF 10. This is critical, because plaintiff's IFP status obligates the Court to conduct a review of the allegations in the Amended

Complaint to determine whether the suit has a factual and legal basis. *See* 28 U.S.C. § 1915(e)(2)(B). And, the Court "shall dismiss the case at any time" if it determines that the action "is frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." *Id.*

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted).

*Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.   Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (noting that "it is clear that Congress intended that the PLRA [Prison Litigation Reform Act of 1995] overrule the *Neitzke* holding that "section 1915(d) did not authorize district courts to dismiss, sua sponte, a complaint for failure to state a claim").

## B.  Service of Process

Singleton and the BCPS Defendants have moved to dismiss for insufficient service of process.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (citation omitted).

Fed. R. Civ. P. 12(b) provides that, before submitting a responsive pleading, a defendant may move to dismiss a complaint for "(4) insufficient process" or "(5) insufficient service of process."  Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[ ] of the summons and complaint."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004, Supp. 2016); *see Archie v. Booker*, DKC-14-0330, 2015 WL 9268572, at *2 (D. Md. Dec. 21, 2015).

Service of process is "fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984).  And, a pro se litigant must adhere to the Federal Rules of Civil Procedure. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam); *Danik v. Hous. Auth. of Balt. City*, 396 F. App'x 15, 16–17 (4th Cir. 2010) (per curiam).

Analysis under Rule 12(b) implicates Fed R. Civ. P. 4.  "Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4."

*O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *accord*, *e.g.*, *Baylor v. Wegman's Food Market Inc.*, WDQ-14-3330, 2015 WL 4396609, at *1 (D. Md. July 16, 2015). Thus, Lewis-Davis bears the burden of showing that service has been properly effected. *See Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam).

Fed. R. Civ. P. 4(a) specifies the contents of a summons. Among other things, it "must . . . (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(c)(1) mandates that a "summons must be served with a copy of the complaint." *See Danik,* 396 Fed. App'x at 16 ("The federal rules require that a defendant be served with the complete pleading and a copy of the summons."). And, "[t]he plaintiff is responsible" for service within the time provided by Rule 4(m). *Id.*

Process may be served, *inter alia*, by "delivering a copy" of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Pursuant to Rule 4(e)(1), service may also be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." And, Maryland Rule 2-121(a) permits service by mailing the summons and complaint to the person to be served by certified mail, requesting Restricted Delivery, so as to show who was served, the date, and the address of delivery. *Baylor*, 2015 WL 4396609, at *2.

Under Rule 4(l)(1), a plaintiff must submit proof of service "by the server's affidavit." But, "[f]ailure to prove service does not affect the validity of service," and "[t]he court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

Notably, insufficient service of process does not always necessitate dismissal. *See Pugh v. E.E.O.C.*, DKC-13-2862, 2014 WL 2964415, at *3 (D. Md. June 30, 2014)). Of relevance here, "when service of process gives the defendant actual notice of the pending action, the courts may

10

construe Rule 4 liberally." *Miller v. Baltimore City Bd. Of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (internal citation omitted). As the Fourth Circuit has said, "[w]here the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (internal citation and quotation marks omitted).

### C.  Fed. R. Civ. P. 8

Rule 8 of the Federal Rules of Civil Procedure sets forth the "baseline standard to which all complaints must adhere." *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 701 (D. Md. 2017). Under Rule 8(a), a complaint must "contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The rule also requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P 8(d)(1). The goal of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); WRIGHT & MILLER, § 1202 (describing the objectives of Rule 8).

Whether a complaint falls short of Rule 8 turns on "various factors, including the length and complexity of the complaint; whether the complaint was clear enough to enable the defendant to know how to defend himself; and whether the plaintiff was represented by counsel." *Sewarz v. Long*, 407 F. App'x 718, 719 (4th Cir. 2011) (internal citations omitted). A complaint does not run afoul of Rule 8 merely because it is bloated with redundant allegations. *See id.* (finding district court erred in dismissing 33-page complaint where the allegations were "intelligible and clearly delineated"); *see also United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378

(7th Cir. 2003) ("Surplusage can and should be ignored.").  Nor does the occasional lapse in clarity

doom a complaint.

To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy

Rule 8(a)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, federal pleading

rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory

supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per

curiam).  But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim

for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation.

*Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir.

2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation

of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  "[A]n

unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim for

relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to satisfy the minimal requirements of

Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a

cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . .

recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556 (internal quotation marks

omitted).

**D.  Fed. R. Civ. P. 12(b)(6)**

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss

under Rule 12(b)(6).  *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312,

317 (4th Cir. 2019); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty.*

*Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th

Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Twombly*, 550 U.S. at 555-56

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Paradise Wire & Cable*, 918 F.3d at 317; *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017).  However, "a court is not required to accept legal conclusions drawn from the facts."  *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual

allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (citation omitted).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, 576 U.S. 155 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for

summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167. Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id.* Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* at 166 (citations omitted); *see also Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019); *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 558 (2017); *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) ) (emphasis in original) (citation omitted); *see also* Fed. R. Civ. P. 10(c)

("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Accordingly, as discussed, *infra*, I may take judicial notice of the exhibits appended to the Kreshtool Motion.

As indicated, I am mindful that plaintiff is self-represented. Thus, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the Court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D.*

*v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).  As the Fourth Circuit has said: "To do so would not only strain judicial resources by requiring those courts to explore exhaustively all potential claims of a pro se plaintiff, but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278.

### III.    Discussion

### A.  BCPS Motion

The BCPS Defendants seek to dismiss the Amended Complaint for failure to name the proper party and for insufficient service of process. ECF 55-1. They argue that neither "Birth to Five Infants to Toddlers" nor "Baltimore County Public Schools" can be subject to suit. *Id.* at 2-3. Rather, they contend that the Board of Education for Baltimore County Public Schools ("Board of Education") is the proper defendant in this action. *Id.*  And, the BCPS Defendants assert that plaintiff has failed to serve the Board of Education, Chapman, or Boykin with the Amended Complaint. *Id.*

Plaintiff filed suit against the BCPS Defendants in the Eastern District of Pennsylvania on February 7, 2020. ECF 2. On February 13, 2020, the case was transferred from that court to this Court. ECF 10. Thereafter, on July 24, 2020, plaintiff sought leave to file an Amended Complaint. ECF 22. By Memorandum and Order of August 17, 2020, I granted plaintiff leave to amend and directed her to file an Amended Complaint by September 7, 2020. ECF 27; ECF 28. I also directed plaintiff to submit Marshal Forms and copies of the amended complaint to the Clerk by September 21, 2020, in order to allow the U.S. Marshal to effect service of process on defendants.

By letter of September 22, 2020, plaintiff requested a new deadline from the Court to submit a corrected version of the Amended Complaint. ECF 34. By Order of October 8, 2020, I granted plaintiff another opportunity to submit her Amended Complaint and to effect service of process on defendants. ECF 38. However, the Docket still does not reflect service on the BCPS Defendants.

As noted, service of process is a prerequisite for litigating in federal court; in its absence, a court lacks personal jurisdiction over the defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019). And, pro se litigants must adhere to the Federal Rules of Civil Procedure. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113, (1993); *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam).

Under Rule 4(m), a plaintiff must serve a defendant "within 90 days after the complaint is filed." If a defendant is not served within that time, "the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Rule 4(m) provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* In the context of Rule 4(m), "good cause" entails "some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). This occurs "when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Id.*

Because Lewis-Davis is proceeding pro se, and because the BCPS Defendants have been made aware of plaintiff's suit, I shall construe Rule 4 liberally, and grant plaintiff an additional opportunity to cure this deficiency. Accordingly, I shall deny the BCPS Motion, without prejudice to defendants' right to renew the motion.

Plaintiff has already submitted new summons naming the proper defendants. *See* ECF 67-1. Thus, plaintiff's motion to "Motion to Resubmit Service" (ECF 67) is granted. The Clerk and U.S. Marshal are directed to take all necessary steps to effectuate service of process on BCPS, Boykin, and Chapman.

### B.  Kreshtool Motion

Plaintiff alleges that she is seeking $1,000,000 in damages from Kreshtool, her former lawyer, for "Emotional Distress, including anxiety, Bankruptcy, Damages, Loss if [sic] finances from divorce and child support." ECF 40 at 23. She is also seeking "all lost in divorce settlement and bring [sic] child custody up to date." *Id.*

Kreshtool seeks to dismiss the claims against him on four grounds. First, he asserts that the Amended Complaint fails to properly identify or name him as a defendant in the suit. ECF 45-1 at 7. Second, he contends that the Amended Complaint fails to set forth facts sufficient to state a claim against him. *Id.* at 8-10. Third, he contends that plaintiff's claims are barred by collateral estoppel or res judicata because all such claims were previously adjudicated by the Circuit Court for Baltimore County. *Id.* at 10-13. Last, Kreshtool argues that any claims against him for his prior legal representation are barred as a matter of law by the statute of limitations. *Id.* at 13-16.

Indeed, plaintiff's allegations as to Kreshtool in the Amended Complaint are minimal.  She does not identify any factual basis for her claims against him. For instance, plaintiff alleges that Kreshtool reached an agreement with CCBC, Davis, Coates, Giles, and BCPS to "collude a pool of resources to stalk, intentionally inflict emotional distress and surveil Plaintiff." ECF 40 at 47. However, plaintiff does not identify any facts to indicate Kreshtool's involvement in such alleged collusion.

Similarly, plaintiff alleges a collaboration between Kreshtool, Davis, CCBC, Singleton, and Coates to "oppress and win [the] divorce settlement, and [get] favorable results toward [the] child custody case…." *Id.* at 50. But, again, plaintiff fails to provide any specifics about how her own lawyer—Kreshtool—participated in the alleged collaboration.

To be sure, as stated, courts must generously construe the pleadings of a self-represented plaintiff. *Erickson*, 551 U.S. at 94. But, "'even *pro se* litigants [must] state their claims in a[n] understandable and efficient manner.'" *Plumhoff*, 286 F. Supp. 3d at 702 (alterations in *Plumhoff*) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999)); *see also Adam v. Wells Fargo Bank, N.A.*, JFM-9-cv-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010) ("[T]he leeway extended to a *pro se* plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8."). The court owes the plaintiff no duty to wade through filings in search of viable claims. *See Plumhoff,* 286 F. Supp. 3d at 702; *see also Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("It [i]s not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [plaintiff] filed.").

Here, plaintiff does not identify any specific claims as to Kreshtool. Indeed, her allegations as to Kreshtool are woefully deficient to justify his inclusion in this litigation. Plaintiff tries to cure her omissions by way of her opposition to the Kreshtool Motion. There, she asserts that she stated a claim against Kreshtool for the "Tort of Fraudulent/Illegal Misrepresentation (Malpractice)." ECF 51 at 3-4. But, "'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (citation omitted); *see, e.g.*, *Glenn v. Wells Fargo Bank, N.A.*, DKC-15-3058, 2016 WL

3570274 at *3 (D. Md. July 1, 2016) (declining to consider declaration attached to brief opposing motion to dismiss).

Moreover, even if plaintiff had pled facts relevant to a malpractice tort in her Amended Complaint, her claim would still fail. Kreshtool asserts that the claims against him are foreclosed by the doctrines of claim or issue preclusion and barred by the statute of limitations because in 2018 plaintiff previously sued Kreshtool in the Circuit Court for Baltimore County for malpractice, in connection with plaintiff's divorce proceedings in 2016. ECF 45-1 at 11; *see Racquel Davis v. Jeffrey Kreshtool, Esq.*, 03-C-18-006566 (Circ. Ct. Balt. Cty.); ECF 45-3 (Complaint in *Davis v. Kreshtool*).

I pause to note that, in the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n. 3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x. 200 (4th Cir. 2016); *cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records"). A court may also consider documents that are integral to the suit. *Goines*, 822 F.3d at 167. The exhibits attached to the Kreshtool Motion are all docket entries, pleadings, or orders from the State court case between Davis and Kreshtool. ECF 45-3 to ECF 45-6. Therefore, I may consider the exhibits, and I may do so without converting the Motion to one for summary judgment.

Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see SAS Inst., Inc. v. World Programming Ltd.*, 847 F.3d 370, 378 (4th Cir. 2017); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). At

bottom, res judicata is a "'practical' doctrine" that asks "whether the party has previously had a fair shot with respect to the claims raised in the present action." *SAS Inst.*, 847 F.3d at 378 (citation omitted). The doctrine has manifest benefits; it protects litigants from vexatious litigation, conserves judicial resources, promotes efficiency, and minimizes the risk of inconsistent judgments. *See Montana*, 440 U.S. at 153-54; *SAS Inst.*, 847 F.3d 3at 378; *Laurel Sand & Gravel*, 519 F.3d at 161-62.

The applicable law for purposes of res judicata is the law of the tribunal in which the prior judgment was entered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Laurel Sand & Gravel*, 519 F.3d at 162. Because the judgment in *Davis v. Kreshtool* was entered in Maryland State court, I apply Maryland law regarding res judicata. In any event, federal law is to the same effect. *See, e.g., Ohio Valley Envt'l Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (applying the same test under federal law).

The party who asserts res judicata has the burden of establishing its application. *Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019). Under Maryland law, application of res judicata requires satisfaction of three conditions: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 140, 43 A.3d 999, 1002 (2012); *see Powell v. Breslin*, 430 Md. 52, 63–64, 59 A.3d 531, 538 (2013).

Res judicata, an affirmative defense, bars plaintiff from relitigating her claims against Kreshtool. It is abundantly clear that all of the criteria have been met. In fact, plaintiff does not argue otherwise as to the first two elements.

As to the first element, plaintiff and Kreshtool were both parties to the suit in the Circuit Court and this action. *See* ECF 45-3.  The second element is likewise satisfied. A cause of action is "identical" for purposes of res judicata if it "'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment'" and "'the claims could have been brought in the earlier action.'" *SAS Inst.*, 874 F.3d at 378-79 (quoting *Laurel Sand & Gravel*, 519 F.3d at 162). The claims allegedly lodged against Kreshtool in this case are identical to the claims raised in the case against Kreshtool in State court. *See* ECF 45-3. In her State court complaint, plaintiff alleged claims of legal malpractice and fraudulent misrepresentation. *See* ECF 45-3 at 7, 16. Plaintiff advances the identical allegations in this suit. *See* ECF 51.

In addition, the State case resulted in a final judgment, so as to satisfy the third condition for the application of res judicata. First, the court granted Kreshtool's motion to dismiss plaintiff's complaint. *See* ECF 45-4. Thereafter, plaintiff filed a "Motion to Leave" with additional factual allegations. *See* ECF 45-5. In response, Kreshtool filed a "Motion to Strike" plaintiff's "Motion to Leave." *See* ECF 45-6. And, the court granted Kreshtool's "Motion to Strike" and dismissed plaintiff's "Motion to Leave," with prejudice. ECF 45-6.

Plaintiff claims that she never received notice of the outcome of her "Motion to Leave" in the case in State court. ECF 51 at 6. However, plaintiff was clearly on notice of the case she filed in Baltimore County.

Moreover, under Rule 41(b) of the Federal Rules of Civil Procedure, unless ordered otherwise, an involuntary dismissal based on any ground other than "lack of jurisdiction, improper venue, or failure to join a [necessary or indispensable] party under Rule 19" ordinarily "operates as an adjudication on the merits." And, "unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered

with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009); *see also Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (stating that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata). And, the Circuit Court's order was clear as to its prejudicial effect. *See* ECF 45-6.

"[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." *Dep't of Human Res. v. Thompson*, 652 A.2d 1183, 1192, 652 A.2d 1183, 1192 (1995) (quoting *Astoria Fed. Savs. & Loan v. Solimino*, 501 U.S. 104, 107 (1991)). Accordingly, I shall grant the Kreshtool Motion (ECF 45), with prejudice. And, because Kreshtool shall be dismissed from the suit, I shall deny, as moot, plaintiff's "Motion to Dismiss Kreshtool's Reply" (ECF 66).

### C.  Singleton Motion

Plaintiff asserts a number of discrimination and retaliation claims against Singleton, pursuant to Title VII, the ADA, and the ADEA. She also alleges several tort claims and contends that Singleton is liable for violating various federal criminal statutes.

Singleton, the Director of Human Resources at CCBC, moves to dismiss the Amended Complaint for several reasons.  She asserts that plaintiff has not properly served the Amended Complaint; the Amended Complaint fails to comply with Rule 8; Singleton cannot be considered an employer for purposes of the anti-discrimination statutes; the tort claims against Singleton are barred by plaintiff's failure to comply with Maryland's Local Government Tort Claims Act ("LGTCA"), Md. Code (2013, 2017 Supp.), §§ 5-301 *et seq.* of the Courts and Judicial Proceedings Article ("C.J."); the criminal statutes do not create a private right of action; and the Amended Complaint fails plausibly to state a claim upon which relief can be granted. ECF 46-1 at 2.

As to the employment discrimination claims, Singleton asserts that plaintiff's employment discrimination claims must fail because Singleton was not plaintiff's employer for purposes of the anti-discrimination statutes. ECF 46-1 at 8-9. Under Title VII, the ADA, and the ADEA, "supervisors are not liable in their individual capacities" for violations. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (Title VII); *see Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (ADA); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994) (ADEA); *accord Spell v. Wright*, RBD-19-722, 2020 WL 247460, at *3 (D. Md. Jan. 16, 2020) (dismissing Title VII claims against employees).  Rather, a person can be held liable in his or her individual capacity only if that person qualifies as an "employer" within the meaning of the statute. *See Brooks v. Arthur*, 626 F.3d 194, 203 (4th Cir. 2010) ("Title VII 'foreclose[s] individual liability'") (quoting *Lissau*, 159 F.3d at 180).

The Amended Complaint clearly identifies CCBC and then BCPS as plaintiff's employers. And, plaintiff does not allege that Singleton was her employer. Therefore, plaintiff's claims against Singleton must fail under Title VII, the ADEA, and the ADA.

In addition, the Amended Complaint appears to assert claims against Singleton for defamation, false light invasion of privacy, and intentional infliction of emotional distress ("IIED"). Singleton argues that plaintiff fails plausibly to allege any of these claims. I agree.

Generally speaking, claims for IIED are disfavored, difficult to establish and, as such, "rarely viable." *Respess v. Travelers Cas. & Sur. Co. of Am.*, 770 F. Supp. 2d 751, 757 (D. Md. 2011); *see generally Arsham v. Mayor & City Council of Balt.*, 85 F. Supp. 3d 841, 850 (D. Md. 2015); *Manikhi v. Mass. Transit Admin.*, 360 Md. 333, 367, 758 A.2d 95, 113 (2000); *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 514, 665 A.2d 297, 319 (1995) (stating that the tort of intentional infliction of emotional distress is "difficult to satisfy"), *cert. denied*, 341 Md. 172,

669 A.2d 1360 (1996); *see also* DAVID CRUMP, RETHINKING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 25 Geo. Mason L. Rev. 287, 297 (2018) (noting that an IIED claim is "a kind of vituperative epithet" that "adds little that can be the subject of a separate or additional recovery" but "makes [the litigation] more expensive").

In order to prevail on a claim for IIED in Maryland, a plaintiff must show that (1) the defendant's conduct was intentional or reckless; (2) her conduct was extreme and outrageous; (3) there was a causal connection between the defendant's wrongful conduct and the emotional distress suffered; and (4) the emotional distress was severe. *Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611, 614 (1977); *accord, e.g.*, *Caldor, Inc. v. Bowden*, 330 Md. 632, 641-42, 625 A.2d 959, 963 (1993); *Mixter v. Farmer*, 215 Md. App. 536, 548, 81 A.3d 631, 637 (2013); *Lasater v. Guttmann*, 194 Md. App. 431, 448, 5 A.3d 79, 89 (2010).

The defendant's conduct must be "'so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Arsham*, 85 F.Supp.3d at 850 (quoting *Harris*, 281 Md. at 567, 380 A.2d at 614). Indeed, "[t]o be actionable, the conduct relied upon 'must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung.'" *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 248 (D. Md. 1997) (quoting *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 59-60, 502 A.2d 1057, 1064, *cert. denied*, 306 Md. 118, 507 A.2d 631 (1986)), *aff'd*, 166 F.3d 1208 (4th Cir. 1998). Moreover, since the Maryland Court of Appeals first recognized the tort of IIED in 1977, *Harris*, 281 Md. 560, 380 A.2d 611, it has repeatedly advised that "recovery" for IIED "will be meted out sparingly[.]" *Figueiredo-Torres v. Nickel*, 321 Md. 642, 653, 584 A.2d 69, 75 (1991); *see Batson v. Shiflett*, 325 Md. 684, 733, 602 A.2d 1191, 1216 (1992); *Caldor, Inc.*, 330 Md. at 642, 625 A.2d at 963.

26

To survive a motion to dismiss, the facts alleged must give rise to the inference that, because of the defendant's egregious conduct, the plaintiff experienced "severely disabling emotional trauma," *Chin v. Wilhelm*, CCB-02-01551, 2006 WL 827343, at *9 (D. Md. Mar. 24, 2006), *i.e.*, that she was rendered "'unable to function'" or "'unable to attend to necessary matters.'" *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 161, 502 A.2d 1101, 1115 (1986) (quoting *Hamilton*, 66 Md. App. at 59, 502 A.2d at 1064). Thus, the plaintiff must "plead specific facts regarding the nature, intensity, and duration of the alleged emotional trauma." *Chin*, 2006 WL 827343, at *9 (citing *Manikhi*, 360 Md. at 367, 758 A.2d at 113).

This standard is very difficult to meet. In *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007), for example, the court dismissed plaintiff's IIED claim for failure sufficiently to allege severe distress, even though plaintiff had alleged "severe depression, anxiety, sleeplessness, headaches and [being] sick to her stomach." The court determined that the severity "threshold is reached when a plaintiff's 'emotional distress is so severe as to have disrupted her ability to function on a daily basis.'" *Id.* (quoting *Bryant v. Better Bus. Bureau of Greater Md.*, 923 F. Supp. 720, 750 (D. Md. 1996)). Because the plaintiff in Takacs did not "allege that she has been unable to function on a daily basis," the court dismissed her claim. 473 F. Supp. 2d at 652.

Likewise, in *Manikhi*, 360 Md. at 370, 758 A.2d at 115, the Maryland Court of Appeals affirmed dismissal of an IIED claim where the plaintiff alleged she was forced to seek medical treatment as a result of her emotional distress, but she did not state, "for example," "whether the medical treatment that she was forced to seek was of a psychological or physical nature, how long the treatment lasted, whether it was successful or is still continuing, whether it was periodic or intensive, and so forth." Without such information, the court agreed that the plaintiff failed to "state with reasonable certainty the nature, intensity or duration of the alleged emotional injury." *Id.*

It is not clear from the Amended Complaint what actions Singleton actually took against plaintiff. Therefore, the conduct alleged on the part of Singleton does not rise to the level of extreme or outrageous conduct, within the meaning of the referenced cases. In any event, Lewis-Davis has not alleged severe emotional distress with enough specificity to sustain a claim for intentional infliction of emotional distress.

Plaintiff also fails to state a claim for defamation or false light invasion of privacy.

Under Maryland law, a defamatory statement "'is one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person.'" *Norman v. Borison*, 418 Md. 630, 645 n.10, 17 A.3d 697, 705 n.10 (2011) (citation omitted). The tort of defamation consists of four elements: "'(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm.'" *Id.* (citations omitted). A statement is false if it was "'not substantially correct.'" *Piscatelli v. Van Smith*, 424 Md. 294, 306, 35 A.3d 1140, 1147 (2012) (quoting *Batson v. Shiflett*, 325 Md. 684, 726, 602 A.2d 1191, 1213 (1992)). The plaintiff bears the burden of establishing falsity. *Batson*, 325 Md. at 726, 602 A.2d at 1213.

Among other things, plaintiff does not specify exactly what statement Singleton made that constituted defamation and what kind of harm it caused her. Thus, the Amended Complaint fails to allege a plausible claim of defamation.

To establish a claim in Maryland for "the tort of false light invasion of privacy," a plaintiff must show that a defendant has given "publicity to a matter concerning another that places the other before the public in a false light ... if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless

disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Chinwuba v. Larsen*, 142 Md. App. 327, 359 n. 8, 790 A. 2d 83, 102 n. 8 (2002), *rev'd on other grounds*, 377 Md. 92, 832 A.2d 193 (2003); *see Furman v. Sheppard*, 130 Md. App. 67, 77, 744 A. 2d 583, 587 (2000); *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 514, 665 A.2d 297, 318 (1995), *cert. denied*, 341 Md. 172, 669 A.2d 1360 (1996); *see also Holt v. Camus*, 128 F. Supp. 2d 812, 816 (D. Md. 1999).

The Amended Complaint makes conclusory allegations of computer hacking and surveillance.  But, it does not allege that Singleton is responsible for the surveillance or for giving publicity to a matter that places plaintiff in a false light.

In addition, plaintiff asserts multiple violations of federal criminal law against Singleton. In particular, she alleges violations under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. She also cites to 18 U.S.C. § 1028A (Fraud); 18 U.S.C. § 241 (Conspiracy Against Rights); 18 U.S.C. § 875(c) (Interstate Communications); and 47 U.S.C. § 223 (Obscene or harassing telephone calls).

The ECPA provides a private right of action against anyone intentionally intercepting, attempting to intercept, or procuring any person to intercept any wire, oral, or electronic communication. 18 U.S.C. § 2511(1)(a). At best, plaintiff makes conclusory allegations that her communications were intercepted by use of certain software programs. *See, e.g.*, ECF 40 at 44. But, she does not allege facts to support a claim that Singleton conducted the interceptions, attempted to do so, or procured another individual to do so.

The CFAA also provides for a private cause of action for computer fraud. In particular, it provides for a civil cause of action for "any person who suffers damage or loss by reason of a violation of this section…against a violator to obtain compensatory damages and injunctive relief

or other equitable relief," but only if the conduct involves one of the facts enumerated in §1030(c)(4)(A)(i). *Id.* § 1030(g). These facts include, *id.* § 1030(c)(4)(A)(i):

> (I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
> (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
> (III) physical injury to any person;
> (IV) a threat to public health or safety;
> (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security[.]

Plaintiff fails to allege that she suffered any of these qualifying losses. Thus, she has not stated a claim under the statute.

The remaining statutes cited by plaintiff do not provide for a private right of action. The Supreme Court has made clear that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979).

Federal rights of action, like substantive federal law, "must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)). "To create a private right of action," the Fourth Circuit has explained, Congress must "'speak[] with a clear voice' and the statute must 'unambiguously' express the intent 'to create not just a private *right* but also a private *remedy*." *Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 444 (4th Cir. 2014) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002)) (emphasis in *Gonzaga*). Where "Congress is silent or ambiguous, courts may not find a cause of action 'no matter how desirable that might be as a policy matter.'" *Planned Parenthood S. Atlantic v. Baker*, 941 F.3d 687, 695 (4th Cir. 2019) (quoting *Alexander*, 532 U.S.

at 286-87).  This holds true for federal criminal statutes.  *See Doe v. Broderick,* 225 F.3d 440, 448 (4th Cir. 2000); *Fed Sav. & Loan Ins. Co. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987); *accord Tam Anh Pahm v. Deutsche Bank Nat. Trust Co*., 583 F. App'x 216, 217 (4th Cir. 2014).

With the exception of the ECPA and the CFAA, the criminal statutes cited by plaintiff do not provide plaintiff with either a private right or remedy.  To the contrary, these provisions are "bare criminal statute[s], with absolutely no indication that civil enforcement of any kind [i]s available to anyone."  *Cort v. Ash*, 422 U.S. 66, 80 (1975).  Indeed, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973).  Therefore, "[a] private person may not initiate a criminal action in the federal courts."  *Ras-Selah: 7 Tafari: El v. Glasser and Glasser PLC*, 434 F. App'x 236, 236 (4th Cir. 2011) (per curiam); *see also Conn. Action Now, Inc. v. Roberts Plating Co*., 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism . . . that in our federal system crimes are always prosecuted by the Federal Government[.]").

Many courts have reached this conclusion.  *See, e.g.*,  *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 917 (E.D. Pa. 2019) (no private right of action under § 1028A); *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) (no private right of action under 18 U.S.C. § 241); *Alexander v. Hendrix*, RDB-14-2666, 2015 WL 346415, at *3 (D. Md. May 29, 2015) (no cause of action under 18 U.S.C. §§ 875 and 1509); *Sloan v. Truong*, 573 F.Supp.2d 823, 829 (S.D.N.Y. 2008) (there is no express or implied provision for a private remedy under 47 U.S.C. § 223); *see also Heard v. Fed. Bureau of Investigation*, 9:18-1743-HMH-BM, 2018 WL 4926459, at *3 (D.S.C. Sept. 12, 2018) (no private right under 18 U.S.C. § 1519); *Atiemo v. Proctor*, PX-16-3763, 2016 WL 7012300, at *1 (D. Md. Dec. 1, 2016) (dismissing 18 U.S.C. § 641 claim); *Hill v. Colin*, 1:14-cv-354, 2016 WL 727177, at *9 (M.D.N.C. Feb. 23, 2016) (no private right of action

under 18 U.S.C. § 666); *Rogers v. LJT Assocs. Inc.*, GLR-14-2823, 2015 WL 11027599, at *3 n.4 (D. Md. April 21, 2015) (no private right of action under 18 U.S.C. § 1831); *Prindle v. Lewis*, No. 3:10-CV-1217-B-BK, 2010 WL 4628077, at *2 (N.D. Tex. Oct. 8, 2010) (dismissing 18 U.S.C. § 1968 claims); *Boyd v. Boyd*, No. 07-579-JJF, 2007 UWL 4348059, at *2 (D. Del. Dec. 10, 2007) (18 U.S.C. § 648 does not provide a private civil causes of action); *NYSA-ILA Med. & Clinical Servs. Fund by & Through Capo v. Catucci*, 60 F. Supp. 2d 194, 208-09 (S.D.N.Y. 1999) (no cause of action under 18 U.S.C. § 664).

Thus, plaintiff may not assert claims based on alleged violations of these statutes. Accordingly, I shall grant the Singleton Motion.

### D.  Davis Motion

### 1.

Plaintiff asserts numerous tort and federal criminal claims against her former husband, Emmitt Davis, Jr.  ECF 40 at 46-51. In particular, she claims that Davis collaborated with the other defendants to "oppress" plaintiff and "win his divorce settlement" and the custody case and "devalue[]" her claims by "making her [] look like a liar and mentally ill." *Id.* at 50.

As to the federal criminal claims, Davis contends that plaintiff fails to state a claim upon which relief can be granted. ECF 64-1 at 5-7. And, because plaintiff's federal law claims fail, Davis argues that the Court should decline to exercise supplemental jurisdiction over plaintiff's remaining State law claims. *Id.* at 7-8. In any event, argues Davis, plaintiff fails plausibly to state a claim for any of the cited torts. *Id.* at 9-15.

Plaintiff alleges claims against Davis based on some of the same federal criminal statutes at issue as to Singleton, such as computer fraud and conspiracy to violate civil rights.  She also

asserts claims for the deliberate spread of viruses under 18 U.S.C. § 1030, and identity theft, in violation of 18 U.S.C. § 2261A(2)(A) and 18 U.S.C. § 1028A(a)(7). ECF 40 at 49-50.

According to plaintiff, Davis committed computer fraud when he sent a "phishing email to plaintiff's email address in the form of an e-card from hallmark." ECF 40 at 49. However, plaintiff does not allege that the phishing email caused damage aggregating at least $5,000, impacted plaintiff's medical care, resulted in her physical injury, involved a threat to public health or safety, or affected a computer used by the government. 18 U.S.C. § 1030(c)(4)(A)(i)(I-V). Therefore, plaintiff fails to state a claim for computer fraud under the CFAA.

The other three criminal statutes cited by plaintiff—18 U.S.C. § 241; 18 U.S.C. § 2261; 18 U.S.C. § 1028—do not give rise to a private cause of action. Accordingly, plaintiff may not assert civil claims based on alleged violations of these statutes. *See*, *e.g.*, *Prater*, 351 F. Supp. 3d at 917 (no private right of action under § 1028A); *Davis*, 134 F. Supp. 3d at 228 (no private right of action under 18 U.S.C. § 241).

Plaintiff also fails to state a claim as to the tort claims she alleges against Davis. In particular, plaintiff asserts claims of abuse of process, intentional infliction of emotional distress, invasion of privacy, and defamation. ECF 40 at 46.

I have already discussed the law of intentional infliction of emotional distress and defamation. Therefore, I incorporate those discussions here, and need not restate them. And, plaintiff's claims against Davis for IIED and defamation fail for the same reasons those claims failed against Singleton.

Davis's alleged actions against plaintiff do not meet the high threshold of extreme and outrageous conduct sufficient to plead a claim under IIED. *Arsham*, 85 F. Supp. 3d at 850. Moreover, plaintiff does not allege any causal connection between the conduct and any emotional

distress she suffered. *See Takacs*, 473 F. Supp. 2d at 652. Further, as to defamation, plaintiff does not allege that Davis made any false statements or was legally at fault for making any statement.

I turn to the other claims against Davis.

To establish a claim for abuse of process, plaintiff must prove (1) willful use of process for an illegal purpose, after process has been issued; (2) with an underlying ulterior motive; and (3) resulting damages. *Humphrey v. Herridge*, 103 Md. App. 238, 653 A.2d 491 (1995); *see also Allen v. Bethlehem Steel Corp.*, 76 Md. App. 642, 650, 547 A.2d 1105, *cert. denied sub nom. Green and Vernon Green Assocs. v. Allen*, 314 Md. 458, 550 A.2d 1168 (1988). The tort occurs only when a person uses criminal or civil process for an illegal purpose after process has issued. *Palmer Ford, Inc. v. Wood*, 298 Md. 484, 511, 471 A.2d 297 (1984). "The mere issuance of the process itself, however, is not actionable, even if it is done with an 'ulterior motive' or 'bad intention.' Rather, '[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process is required....'" *Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md. App. 504, 530, 852 A.2d 1029, 1044 (2004). Moreover, with respect to the element of damages, "the injuries contemplated by this particular tort (and an indispensable element of it) are limited to an improper arrest of the person or an improper seizure of property." *Herring v. Citizens Bank and Trust Co.*, 21 Md. App. 517, 536, 321 A.2d 182 (1974); *accord One Thousand Fleet Ltd. P'ship v. Guerriero*, 346 Md. 29, 45–46, 694 A.2d 952, 956 (1997) ("The plaintiff [must] establish that an arrest of the person or a seizure of property of the plaintiff resulted from the abuse of process.").

Plaintiff alleges that Davis "made statements to the justice department against her"; obtained favorable settlement results against her in their divorce proceedings in 2016; made unreasonable demands in their custody case; failed to follow court orders; filed a frivolous police report against plaintiff for failing to appear for a custody exchange; and obtained a protective order

against plaintiff. ECF 40 at 47-48. However, as noted, the "mere issuance of process itself…is not actionable, even if it is done with 'ulterior motive' or 'bad intention.'" *Campbell*, 157 Md. App. at 530, 852 A.2d at 1044. And, plaintiff does not allege that Davis used any of the alleged process for an illegal purpose.

As to invasion of privacy, plaintiff makes the fanciful assertion that Davis placed a "watchdog spy app" on the phone he gave the parties' minor son and streamed information from plaintiff's Facebook page. ECF 40 at 50.  Intrusion upon seclusion is another variety of the umbrella tort of invasion of privacy. *See, e.g., Bailer v. Erie Ins. Exchange*, 344 Md. 515, 525–27, 687 A.2d 1375, 1380–81 (1997); *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 163–65, 502 A.2d 1101, 1116–17 (1985), *cert. denied*, 306 Md. 289, 508 A.2d 488, *cert. denied*, 479 U.S. 984 (1986). It constitutes "'[t]he intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person.'" *Mitchell v. Baltimore Sun Co.*, 164 Md. App. 497, 522, 883 A.2d 1008, 1022 (2005) (citation omitted), *cert. denied*, 390 Md. 501, 889 A.2d 418 (2006); *see* Restatement (Second) of Torts § 652B (1977) (describing this branch of the tort as "the intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person"); *see also Furman v. Sheppard*, 130 Md. App. 67, 73, 744 A.2d 583, 585 (2000).

Because this tort involves an "intentional intrusion upon the solitude or seclusion of another or his person or affairs," *Pemberton*, 66 Md. App. at 163, 502 A.2d at 1116, "[a]n intrusion upon seclusion claim requires that the matter into which there was an intrusion is entitled to be private and is kept private by the plaintiff." *Barnhart v. Paisano Pubs., LLC*, 457 F. Supp. 2d 590, 593 (D. Md. 2006); *accord Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d 871, 877 (8th Cir. 2000) ("A legitimate expectation of privacy is the touchstone of the tort of intrusion upon

seclusion."). Moreover, "[t]here is ... no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object." Restatement (Second) of Torts § 652B. If the intrusion is "conducted in a reasonable and non-obtrusive manner, it is not actionable." *Pemberton*, 66 Md. App. at 164, 502 A.2d at 1117. *Compare Barnhart*, 457 F. Supp. 2d at 593 (rejecting claim for intrusion upon seclusion based on a published photograph of the partially nude plaintiff, because "plaintiff's lifting up of her shirt cannot reasonably be said to have constituted a private act," even though "at the moment she removed her shirt she was in the company of only about 10 people, all of whom she knew and trusted") *with Pemberton*, 66 Md. App. at 165, 502 A.2d at 1117 (finding claim of intrusion upon seclusion actionable based on defendants' surveillance of plaintiff in motel room through a "listening device ... attached to the door").

Plaintiff does not allege that she had any expectation of privacy in her son's phone or how the "watchdog spy app" actually intruded into her own affairs, rather than her son's. And, as to the streaming allegations, plaintiff does not allege with any specificity what involvement Davis had in this conduct.

In sum, the claims against Davis are subject to dismissal.

**2.**

Plaintiff moves to supplement the Amended Complaint, pursuant to Fed. R. Civ. P. 15(d), to add two additional counts against Davis. ECF 78. In particular, plaintiff seeks to add a count of defamation, pursuant to 28 U.S.C. § 2401, and "abuse of process," based on events that have happened since she filed her Amended Complaint. *Id.* ¶ 2.

The core purpose of the Federal Rules of Civil Procedure is "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cty. Sch. Bd.,* 377 U.S. 218, 227 (1964). Rule 15(d) of the Federal Rules of Civil Procedure promotes this goal by providing that a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Thus, Rule 15(d) aims to ensure "as complete an adjudication of the dispute between the parties as is possible." 6A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d ed. 2020). In light of Rule 15(d)'s salutary purpose, supplementation of pleadings is favored and should be granted absent undue delay, bad faith, dilatory tactics, or unfair prejudice to the party to be served with the proposed pleading. *See id.*; *see also Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (instructing that leave to supplement "should be freely granted" and warrants denial only where there is a "'good reason'" for doing so) (citation omitted).

Davis has not opposed plaintiff's Motion to Supplement. *See* Docket. However, the new counts would plainly not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Section 2401 of U.S.C. 28, under which plaintiff attempts to bring her defamation claim, refers to the Federal Tort Claims Act ("FTCA"), which only allows for suit against the federal government. Thus, it does not create a cause of action for plaintiff to bring a defamation claim against Davis. Moreover, the abuse of process claim fails for the same reason as the abuse of process claim alleged in the Amended Complaint.

Accordingly, I shall grant the Davis Motion and deny the Motion to Supplement. And, I shall dismiss the suit as to Davis.

### E.  Motion to Reissue Summons as to Coates

On November 27, 2020, the summons for Alexis Coates was returned unexecuted. ECF 49. In ECF 61, plaintiff asks the Court to reissue summons for Coates "as he is an integral party to this lawsuit." *Id.* at 2.

According to plaintiff, Coates is a computer engineer "in association with Devnix Inc., and is a Microsoft Program Developer, a Certified ScrumMaster and Certified Scrum Product Owner." *Id.* She explains that Devnix Inc. is an internet technology company that has contracts with BCPS. ECF 61 at 2. Further, plaintiff claims that Coates has continued to block plaintiff from using the internet to access "pertinent information," including his address, in order to "sabotage this entire lawsuit." *Id.*

As noted, plaintiff is proceeding in forma pauperis, so this Court must conduct a preliminary review of plaintiff's allegations before service of process to determine whether the complaint has a factual and legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Neitzke v. Williams,* 490 U.S. 319 (1989).

Plaintiff presents a number of claims against Coates that are made without any viable factual supporting allegations. *See* ECF 40 at 34-35. Thus, even under the liberal standard of construction applicable to self-represented litigants, the Court finds it is appropriate to dismiss the suit as to Coates, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

Accordingly, I shall deny plaintiff's motion to reissue summons with respect to Coates.

### F.  Motion for Joinder

Pursuant to Fed. R. Civ. P. 20, plaintiff moved for the permissive joinder of Gloria's Place. ECF 74. Prior to filing the Motion for Joinder, plaintiff filed a "Notice of Dismissal without Prejudice," requesting the dismissal of Gloria's Place from the suit. ECF 62. In that notice she explained that she had not pursued the proper administrative process to include them in the suit.

*Id.* at 2. By Order of January 8, 2021, the Court granted plaintiff's request and dismissed suit as to Gloria's Place. ECF 63.

In the Motion for Joinder, plaintiff claims that Gloria's Place was previously removed from the suit "due to incorrect administrative process." ECF 74. But, plaintiff contends that she was "able to correct this error and is asking for resubmission." *Id.* She also included a proposed summons form for Gloria's Place in her submission to the Court. ECF 74-1.

Federal Rule of Civil Procedure 20 permits a plaintiff to join parties in a single action if (1) a right to relief is asserted against the defendants with respect to the same transaction, occurrence, or series of transactions or occurrences; and (2) a common question of law or fact will arise in the action. Fed. R. Civ. P. 20(a)(2). Although the transaction or occurrence test of Rule 20 permits all "reasonably related claims ... to be tried in a single proceeding," *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Moseley v. Gen. Motors Corp.*, 497 F.2d 1300, 1333 (8th Cir. 1974)), "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder*," Raw Films, Ltd. v. Does 1–32*, No. 3:11-cv-532, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) (quoting *Laface Records, LLC v. Does 1–38*, No. 5:07-cv-298, 2008 WL 544992, at *2 (E.D.N.C. Feb. 27, 2008)).

Rule 20 grants courts "wide discretion concerning the permissive joinder of parties," and if joinder will result in prejudice, expense, or delay, the court has discretion to deny joinder. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). However, even if there is a common question of law or fact as to Gloria's Place, this District is not a proper venue for claims against the shelter.

Under 28 U.S.C. § 1391(b), venue is proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Pursuant to 28 U.S.C. § 1406(a), if venue is filed in the improper district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Gloria's Place is located in Philadelphia, Pennsylvania, and all of the allegedly unlawful acts giving rise to the claims against Gloria's Place occurred in Philadelphia. *See* ECF 40 at 55. As such, the claims against Gloria's Place should be brought in the Eastern District of Pennsylvania. *See, e.g.,* 14D Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 3827 (2020) ("If venue is proper for some defendants but improper for others, the district court has wide discretion," including "retain[ing] the case as to those defendants who have been properly sued there and sever and transfer the portion of the case for those defendants for whom venue is improper or dismiss the action as to those defendants").

To be sure, the federal court in Pennsylvania transferred the case to this Court.  ECF 6. And, plaintiff has attempted to have the case returned to that Court.  *See* ECF 9; ECF 15.  But, the defendants in this case have no apparent ties to Pennsylvania, and that is why the suit was transferred to Maryland. *See* ECF 6 at 1 n.1.

Accordingly, the Motion for Joinder is denied.

### G.  Motion for Default Judgment as to Reginald Giles

Plaintiff has moved for a default judgment against Reginald Giles. ECF 60.

Rule 55 of the Federal Rules of Civil Procedure governs default and default judgment. Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." If default is entered, default judgment may then be sought against the defaulting party, pursuant to Rule 55(b).

In the first instance, plaintiff has not complied with Fed. R. Civ. P. 55. In particular, she did not seek an order of default from the Clerk under Rule 55(a). Therefore, she has no right to a default judgment under Fed. R. Civ. P. 55(b).

In any event, the motion is without merit. The summons for Giles was returned unexecuted on April 9, 2021. *See* ECF 80. And, the form states that the service was returned to the sender as undeliverable. *Id.* at 1. Therefore, plaintiff has not established that service has been effected on Giles, as required for an entry of default. Accordingly, I shall deny plaintiff's Motion for Default Judgment as to Giles (ECF 60).

Moreover, I shall deny any request to reissue summons as to Giles, for the same reasons I set forth as to Coates.

Plaintiff contends that Giles is liable for intentional infliction of emotional distress, obstruction of justice, and a "Civil Rights Conspiracy." ECF 40 at 52. In the Amended Complaint, plaintiff alleges that Giles "intentionally conspired to convince plaintiff that she was mentally ill to support the allegations" of the other defendants. ECF 40 at 54. And, she claims that he tried to "force" her "into mental health therapy" and "willfully dated" her "with the intention to conspire." *Id.* Based on these limited and vague factual allegations, plaintiff's claims are clearly baseless and would not survive a motion to dismiss. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), I shall dismiss the suit as to Giles.

### H.  Motion for Leave to Amend

Plaintiff has filed a Motion to Amend the Amended Complaint (ECF 53) along with a proposed Second Amended Complaint. *See* ECF 70. Fed. R. Civ. P. 15(a) addresses amendment of pleadings.  A complaint may be amended "once as a matter of course" within twenty-one days of service of a defendant's answer or motion under Fed. R. Civ. P. 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(b).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), unless amendment would prejudice the opposing party, reward the movant's bad faith, or be futile. *MTB Servs. v. Tuckman–Barbee Constr. Co*., RDB–12–2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).

Of relevance here, under Rule 15(a), a "proposed amendment is futile when it is 'clearly insufficient or frivolous on its face.'"  *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson*, 785 F.2d at 510).  A proposed amendment is also futile if it would add a new claim that fails to state a claim upon which relief could be granted, and thus would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Save Our Sound OBX*, 914 F.3d at 228; *Davison*, 912 F.3d at 690; *see also Martin v. Duffy*, 858 F.3d 239, 247-48 (4th Cir. 2017) (affirming denial of leave to amend on futility grounds where the plaintiff's "pleading deficiency cannot be cured by amendment of his complaint"), *cert. denied*, ___ U.S. ___ 138 S. Ct. 738 (2018); *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F. 3d 312, 320 (4th Cir.

2010) (stating that a court need not grant leave to amend where the amendment would have "no impact on the outcome of the motion to dismiss").

Plaintiff contends that leave to amend is warranted in this case so she can "address the format, clarity and other concerns of the Defendants." ECF 53 at 2. With the exception of the two motions to strike the proposed Second Amended Complaint (ECF 72; ECF 73), none of the defendants oppose the Motion to Amend. Therefore, they have waived any opposition to plaintiff's argument.  *See Stenlund v. Marriot Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (reasoning similarly); *cf. Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (stating that when a plaintiff fails to oppose a motion to dismiss, a district court is "entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion).

As noted, I shall dismiss the suit as to Singleton, Kreshtool, Davis, and Coates. And, the allegations in the proposed Second Amended Complaint, while slightly reformatted, are substantially similar to the allegations against those defendants in the Amended Complaint. Therefore, they would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and it would be futile to allow plaintiff to amend her complaint as to those defendants. Moreover, because suit as to Singleton and Kreshtool is subject to dismissal, I shall deny their motions to strike (ECF 72; ECF 73) as moot.

However, because of plaintiff's pro se status, her attempt to comply with the Court's orders and the Federal Rules of Civil Procedure, and the liberal standard under Rule 15(a), I shall grant plaintiff leave to amend the suit with respect to the remaining defendants—the BCPS Defendants. Amendment will not prejudice the remaining defendants, as they have yet to be served or respond

to the suit. Moreover, the defendants have not asserted prejudice or futility, and I see no basis to deny the motion on such grounds.

Accordingly, I shall grant plaintiff's Motion to Amend (ECF 53).  Therefore ECF 70 is now the operative complaint as to the BCPS Defendants.

## I.   Motion for Open Status

Plaintiff asks the Court to keep the case "03-C-18-6566" open. ECF 32 at 1. However, that case is before the Circuit Court for Baltimore County, not this Court. Therefore, plaintiff's request (ECF 32) is denied.

## F. Motion to Request a Jury Trial

Plaintiff submits a "Motion to Request a Jury Trial." ECF 54.

Fed. R. Civ. P. 38(a) provides, in part: "The right of trial by jury as declared by the Seventh Amendment to the Constitution ... is preserved to the parties inviolate." Pursuant to Fed. R. Civ. P. 38(b), "a party may demand a jury trial by: (1) serving the other parties with a written demand— which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." "But a party who fails to properly demand a jury trial under Rule 38(b)…'waives a jury trial,' at least as a matter of *right*." *Macsherry v. Sparrows Point, LLC*, 973 F.3d 212, 227 (4th Cir. 2020) (quoting Fed. R. Civ. P. 38(d)) (emphasis in *Macsherry*).

Notwithstanding Rule 38, if a jury trial is not properly demanded, Rule 39 provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

The remaining defendants have not yet answered the Amended Complaint. Therefore, the time for plaintiff to make this demand has not yet begun to run. *See Frost v. Agnos*, 152 F.3d 1124

(9th Cir. 1998) ("When defendants are jointly liable on a cause of action that contains 'any issue triable by a jury,' a jury demand as to that issue is timely if served within [14] days after service of the last defendant's answer.") (internal quotation and citation omitted); *In re Kaiser Steel Corp*., 911 F.2d 380, 388 (10th Cir. 1990) ("Where there are multiple parties, the last pleading by any party on a common issue will determine the time for jury demand.").

Thus, I shall construe plaintiff's "Motion to Request a Jury Trial" as a timely demand for a jury trial.

## IV.    Conclusion

For the aforementioned reasons, I shall deny, as moot, the motions at ECF 66; ECF 72; and ECF 73. I shall deny the motions docketed at ECF 32; ECF 55; ECF 60; ECF 61; ECF 74; and ECF 78. And, I shall grant the motions docketed at ECF 45; ECF 46; ECF 53; ECF 54; ECF 64; and ECF 67.

An Order follows.


Date: April 30, 2021                                              /s/
                                                       Ellen L. Hollander
                                                       United States District Judge